IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRYL N. JONES,

    Petitioner,

  v.

GARY SWARTHOUT, Warden,

    Respondent.
                                      /

No. C 11-06698 SBA (pr)

**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**

    Petitioner, a prisoner housed at California State Prison in Vacaville, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging a Fourth Amendment claim.

    This matter is presently before the Court on Respondent's motion to dismiss, which alleges that the petition is barred under Stone v. Powell, 428 U.S. 465 (1976). Having read and considered the papers submitted and being fully informed, the Court GRANTS Respondent's motion and dismisses the petition.

## BACKGROUND

    On February 3, 2009, Petitioner pleaded guilty to assault with a semiautomatic firearm. On February 10, 2009, the trial court sentenced Petitioner to nineteen years in prison. Petitioner appealed the trial court's ruling on his motion to suppress the evidence. On February 2, 2011, the California Court of Appeal affirmed Petitioner's conviction. Resp's Ex. 1(A). On May 11, 2011, the California Supreme Court denied review. Resp's Ex. 2. On December 29, 2011, Petitioner filed the instant petition asserting one claim for violation of his Fourth and Fourteenth Amendment rights based upon an improper search and seizure.

## DISCUSSION

Fourth Amendment claims are barred from federal habeas review unless the state did not provide an opportunity for full and fair litigation of those claims.  Stone, 428 U.S. at 481-82.  The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims.  See Gordon v. Duran, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law); Locks v. Sumner, 703 F.2d 403, 408 (9th Cir. 1983) (explaining that, even if the state courts' determination of the Fourth Amendment issues was improper, it will not be remedied in a federal habeas corpus action so long as the petitioner was provided a full and fair opportunity to litigate the issue).

Here, California state procedure provided an opportunity for the full litigation of Petitioner's Fourth Amendment claim.  See Gordon, 895 F.2d at 613-14;  Cal. Pen. Code § 1538.5.  In fact, prior to his trial, Petitioner availed himself of those procedures by filing a motion to suppress.  In that motion, Petitioner asserted that he was unlawfully detained and arrested and that the search of the car in which incriminating evidence was found was also unlawful.  People v. Jones, A124636 (Cal. Ct. App. Feb. 2, 2011).  The trial court held an evidentiary hearing on the motion which commenced on December 28, 2005, and continued on several other dates and concluded on April 28, 2006.  At the conclusion of the hearing, the trial court denied the motion.  Therefore, not only did Petitioner have the opportunity to litigate his Fourth Amendment claim, said claim was actually litigated at an extended evidentiary hearing.  Thus, Petitioner's Fourth Amendment claim is barred by Stone.

In his opposition, Petitioner argues that Stone does not apply because he pled guilty, whereas, in Stone, the petitioner's case went to trial.  However, that distinction is inapposite.  In Stone, the Supreme Court explained that the purpose behind the exclusionary rule as it pertains to illegally seized evidence is preventative; namely, to deter law enforcement from future unconstitutional conduct by removing an incentive to disregard the Fourth Amendment.  428 U.S. at 492.  However, excluding evidence that is not untrustworthy

2

creates a windfall to the defendant at a substantial societal cost. Woolery v. Arvan, 8 F.3d 1325, 1327-328 (9th Cir. 1993). Balancing the goals of deterrence and the substantial societal costs of excluding trustworthy evidence led the Stone court to preclude habeas petitioners from raising search and seizure claims on collateral review where the state provided the petitioners an opportunity to fully and fairly litigate their claims. 428 U.S. at 493-94. The Ninth Circuit has likewise explained this rationale, noting that "in cases where a petitioner's Fourth Amendment claim has been adequately litigated in state court, enforcing the exclusionary rule through writs of habeas corpus would not further the deterrent and educative purposes of the rule to an extent sufficient to counter the negative effect such a policy would have on the interests of judicial efficiency, comity and federalism." Woolery, 8 F.3d at 1326 (citing Powell, 428 U.S. at 493-494). Thus, given the rationale underlying the holding in Stone, the fact that petitioner pled guilty does not alter application of Stone.

## **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Respondent's motion to dismiss is GRANTED and the petition is dismissed. Further, because reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong," the Court finds that a certificate of appealability is not warranted. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

DATED: 1/18/13

SAUNDRA BROWN ARMSTRONG
United States District Judge

PRO-SE\SBA\HC.11\Jones6698 dis grant-FINAL

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL N JONES, | Case Number: CV11-06698 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| GARY SWARTHOUT et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 18, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darryl N. Jones G-49981
California State Prison - Vacaville
P.O. Box 4000
Vacaville, CA 95696

Dated: January 18, 2013

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk